James E. SMITH, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 14666.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 1, 1958.

Decided Feb. 12, 1959.

Mr. Ferdinand J. Mack, Washington, D. C. (appointed by the District Court) for appellant.

Mr. Charles W. Halleck, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and BAZELON and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

This is an appeal from the District Court's denial, after hearing, of appellant's pro se motion [1] under 28 U.S.C. § 2255 (1952) to vacate the sentence of two to seven years imposed upon his plea of guilty on charges of a robbery. D.C. Code, § 22–2901. The principal allegation is that the plea was coerced.

Appellant had pleaded not guilty. Shortly after trial was commenced thereon but before any evidence was taken, his court-appointed counsel approached the bench where the following occurred outside the hearing of the jury:

(At the bench:)

"[Defense Counsel:] Your Honor, I just talked to the man again, and he advises me that he wishes to enter a plea of guilty. I think it would be probably better to stop the trial for this morning.

1. Appellant had filed two previous motions which were denied without hearing.

* * *

"[Defense Counsel:] * * * I am trying to be on the safe side, Your Honor, and save a possible repercussion of what has happened before. Counsel advised me there was some difficulty in this man's mind at first as to whether he wanted to enter this plea, and I am afraid if he is perhaps questioned, he may sometimes say to Your Honor, in response to the question, "I don't think I did it, but I am pleading because I have been advised to."

* * *

(In open court:)

"The Court: Members of the jury, we have a matter to take up which does not concern you, so I will ask you to retire to the jury room and remain there until summoned back. (Whereupon, the jury did leave the courtroom.)

* * *

"[Defense Counsel:] Your Honor, I fully advised him as to his rights to a trial, and at this time he wishes to * * * withdraw his plea of not guilty and enter a plea of guilty.

"The Court: James E. Smith, you are about to enter this plea of guilty because you are guilty and for no other reason; is that correct?

"Defendant Smith: Right sir.

* * *

(Whereupon, the jury returned to the jury box.)

* * *

"The Deputy Clerk: James E. Smith, in Criminal Case 346–56, in which you are charged with robbery, do you wish to withdraw your plea of [not] guilty heretofore entered and enter a plea of guilty to the indictment?

"Defendant Smith: I do, sir."

At the hearing on the instant motion, appellant testified that shortly before the foregoing occurred his court-appointed trial counsel and a deputy marshal had told him that he would surely be convicted on the Government's evidence and would receive a sentence of twenty-five years, but if he pleaded guilty they promised that the sentence would only be one to three years; that he never told either of them that he was guilty of the crime charged. Appellant admitted, however, that he would not have become dissatisfied with his counsel if he had been sentenced for one to three years as "he promised me faithfully."

He did not know the name of the deputy marshal but he did identify one who was present at the hearing as the one who had advised him. This deputy later took the stand and denied ever having seen appellant or ever advising any prisoner how to plead.

Trial counsel also testified. He stated that he told appellant that the Government had much evidence against him and that "You haven't given me anything to go on at this point." He further testified:

"I merely said that this is what was going to happen and did he still maintain his innocence. So I thereupon went into a discussion. I said, 'You know, the judges aren't too happy with people who come into court, have no evidence for themselves, and are proven guilty. It might be better for you if you are guilty to admit it now.' So he hemmed and hawed back and forth; and finally he said, and I remember this vividly, he said, 'Yes, I did it.' So then he says, 'What do I do?' He was very nervous; and I said, 'Well, I can't tell you what to do.' And I alluded to a situation which happened in Municipal Court about a year before. I said, 'I told the defendant to plead guilty once and it created no end of difficulty for me over there,' and, I said, 'I am never going to do that again.' So I said, 'If it is in your mind that you want to enter a plea of guilty, I think this might be advisable at this time. Go ahead and enter it.' I said, 'It is your judgment, your decision.' And so he says, 'Well, I will enter a

plea of guilty.' And then we came out, as Your Honor remembers, in open court; and he was asked the standard questions."

Trial counsel also denied appellant's allegations concerning the representations about sentencing but he admitted making "some statements concerning what sentences are meted out. I said they generally run somewhere around three years. Some fellows have gotten one to three years. It can run higher or lower, but I made no statements as to what my idea of the sentence he would get would be."

Since the court found that appellant was effectively assisted by counsel and that his plea of guilty was not coerced, it is evident that the court accepted counsel's testimony.

That testimony may be viewed to support the thesis that counsel merely brought his professional judgment and experience to bear, as he was bound to do, in advising appellant (1) of the high probability of conviction, and (2) of the sentences some courts have imposed on pleas of guilty in such cases. It was not shown that counsel's estimate of the case was either erroneous or made for the purpose of misleading appellant. Nor does it appear that counsel's estimate of the sentence was offered as a promise rather than a hope.[2] Accordingly, we find no basis for disturbing the District Court's determination in respect of these matters.

Because appellant and persons similarly situated have an undeniable statutory right to bring motions like the instant one, it is perhaps inevitable that the dockets of the District Court and this Court will be crowded with such matters. We think it worth noting that there might be fewer such motions if, at the time of the making and receipt of the plea of guilty, the court were to conduct an inquiry sufficient to bring to light any facts which might affect the validity of the plea.

We have considered appellant's other contentions and find them to be without merit.

Affirmed.

---

2. Futterman v. United States, 1952, 91 U.S.App.D.C. 331, 332, 202 F.2d 185, 186.