**Roosevelt Q. BAILEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 14543–14546.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 21, 1959.

Decided April 9, 1959.

Messrs. Walter J. Murphy, Jr., and Robert T. S. Colby (both appointed by this court), Washington, D. C., for appellant.

Mr. John W. Warner, Jr., Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before DANAHER, BASTIAN and BURGER, Circuit Judges.

DANAHER, Circuit Judge.

The District Court denied petitioner's claim for relief in a § 2255 proceeding, 28 U.S.C. § 2255, and this court allowed an appeal in forma pauperis. The hearing had gone forward principally with respect to petitioner's allegations of ineffective assistance of counsel and that his pleas of guilty had been coerced. Petitioner charges error in that the District Judge refused to hear evidence with respect to such of petitioner's allegations as might have been pertinent to a direct appeal and thus limited the hearing only to such grounds as might predicate § 2255 relief. Upon consideration of the entire record, we find no error.

Petitioner and one Rousseau were jointly indicted on March 15, 1954, on four separate charges of robbery. On March 19, 1954, petitioner entered his plea of not guilty, and the court appointed counsel. On May 5, 1954, petitioner again appeared in court with court appointed counsel when the following occurred:

> "The Court: Now, Bailey, you are charged in one case with robbing Samuel Yaffy of about $220 on January 30, 1954. Do you admit that you did that?

"Defendant Bailey: Yes, sir.

"The Court: Now, in another case you are charged together with Richard W. Russo [sic] with robbing Geneva Widwell of $10 belonging to the High's Dairy Products Corporation on January 21, 1954. Do you admit that you committed that offense?

"Defendant Bailey: Yes, sir.

"The Court: Now, in another case you are charged with another robbery jointly with Richard Russo [sic] on January 20, 1954, in that you robbed Costa J. Chaconas of a watch valued at $85, and $52 in money and a billfold. Do you admit that you committed that offense?

"Defendant Bailey: Yes, sir.

"The Court: Then in the fourth case you are charged together with Richard W. Russo [sic] of robbing Mildred M. Mozingo of $20 belonging to the High's Dairy Products Corporation on January 27, 1954. Do you admit that you committed that offense?

"Defendant Bailey: Yes, sir.

"The Court: The Court will accept the pleas."

Thereupon the clerk as to each of the several indictments separately asked petitioner if he wished to withdraw his previously entered plea of not guilty and to enter a plea of guilty. To each such question petitioner replied "yes, sir." The case then was referred to the probation officer for pre-sentence investigation.

On July 2, 1954, petitioner appeared for sentence. His court appointed counsel called the court's attention to his client's youth, urged upon the court the absence of a prior "serious record" and voiced to the sentencing judge his client's request that if he were to be incarcerated, he might "be permitted to serve his sentence at the Chillicothe institution in Ohio. I think Your Honor has a full report."

The sentencing judge noted that there were four separate holdups, three being of merchants, and the fourth involving a holdup of a taxicab driver during the night. The co-defendant Rousseau was sentenced to serve on each indictment, "a term of not less than three years and not more than nine years, the sentences to run consecutively. That will be an aggregate of not less than twelve and not more than twenty-seven years." As to this petitioner, Bailey, the court pronounced sentence of imprisonment in each of the four cases for "not less than two years and not more than six years, the sentences to run consecutively. That will be an aggregate of not less than eight years and not more than twenty-four years."

On November 21, 1955, petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 supported by an allegation that he had not been given an opportunity to make a statement at the time of imposition of sentence. His motion to vacate sentence was denied, and his application for leave to appeal in forma pauperis was likewise denied. No appeal from that ruling was taken.

On September 7, 1956, petitioner filed a motion styled "Motion for Reduction of Sentence." The District Court denied that motion on the ground that pursuant to Fed.R.Crim.P. 35, 18 U.S.C., the court lacked jurisdiction to reduce petitioner's sentence.[1] Likewise the court denied petitioner's application for leave to appeal in forma pauperis the ruling denying his motion for reduction of sentence. On appeal from the order of denial, this

1. The District Judge specified further in his written memorandum: "The Court might add that even if power to consider the motion existed, the Court would not reduce the sentence in view of the nature of the offenses involved. The defendant was convicted of four different robberies committed at four different times, and was given consecutive sentences aggregating 8 years to 24 years. In other words, he will be eligible for parole after 8 years. The Court could have imposed a sentence of 5 to 15 years in each of the four cases, to run consecutively."

court appointed counsel and granted petitioner's petition for leave to proceed on appeal in forma pauperis.

On review, this court found that the Government had failed to controvert the verified petition. We held that the District Court had been correct in its denial of petitioner's motion when treated as one for the reduction of sentence, but ruled that the motion should have been treated as one to vacate sentence as though brought pursuant to § 2255. Moreover, we then noted that since the Government had raised no issue as to petitioner's allegations, we were bound, for the purposes of the matter at hand, to accept the allegations as true. We remanded for further proceedings accordingly, Bailey v. United States, 1957, 101 U.S.App.D.C. 11, 246 F.2d 698.

On remand, on June 11, 1957, even treating petitioner's claim as having been brought pursuant to 28 U.S.C. § 2255, the District Court denied relief on the ground that the court had previously considered and denied a motion brought under that section, and that the court, accordingly, was not bound to entertain a second motion. The court further noted that the fact that a previous § 2255 motion had been entertained and denied "naturally did not appear in the record on appeal * * * and, therefore was unknown to the Court of Appeals." The District Judge concluded that had this court "been informed of the existence and disposition of the prior motion, it would not have remanded the case for further consideration." [2] Thereupon, petitioner's application for leave to appeal in forma pauperis from the ruling denying his motion to vacate sentence was denied.

This court allowed petitioner to appeal without prepayment of costs, directed that a joint appendix be printed at the expense of the Government, that the original record be transmitted from the District Court within one week, and it appointed counsel to represent the petitioner on his appeal. Thereafter, on January 16, 1958, the case having been fully argued, we again remanded to the District Court with directions that a hearing be held on petitioner's motion as though brought under § 2255.

On March 21, 1958, a hearing was held in the District Court pursuant to our order. Relief was denied. It was the record then made which is now before us. It is clear that court—appointed counsel planned to go into alleged misconduct of the police following the arrest of the petitioner in February 1954. There had been no allegation that a confession was elicited from the petitioner as a result of abuses by the police nor was any confession introduced against the petitioner. It is clear that petitioner following his arrest in 1954 had not been promptly arraigned in the District Court for, as a 17-year-old juvenile, he was presented to the Juvenile Court and committed under its order until its jurisdiction was formally waived. Petitioner's claim of "alibi" as a defense to one alleged holdup on one particular night failed since his counsel in 1954 had been unable, despite efforts, to locate a girl whose name and address the petitioner said he had given to counsel. Even after his plea of guilty but before sentence, petitioner had admitted his guilt to the probation officer so that no "alibi" witnesses could have been availing as to that one count without the use of perjured testimony. Examined by his own counsel as to whether or not he had admitted guilt to the probation officer, petitioner replied "I may have." Asked if he had complained at the jail of having been beaten by the police, petitioner testified "No."

Petitioner testified that he had told his court appointed counsel "what had happened," but that he was not going to plead guilty to the charges. Petitioner knew that his co-defendant pleaded guilty in front of Judge Laws, and thereafter entered his own "guilty" pleas.[3]

---

2. However, the entire record had been before us, and we knew of the earlier ruling.

3. [His counsel]: "Q. Will you explain to the Court under what conditions and why? A. Well, I thought I would get mercy of the Court. A light sentence."

Cross examined as to why he waited "two and a half years before you brought this matter up," petitioner answered "Because I didn't know." At the jail he commenced "to study in the law books," "and that is where I became familiar with law a little more than I had been." Asked why in November 1955, when he filed his motion to vacate sentence, he had failed to mention anything about ineffective counsel or having been beaten by police, petitioner replied that the fellow inmate helping him with his case "didn't know as much as I did about law."

"Q. Now, you state in your motion, and you stated today, you pled guilty because you expected to get a light sentence. Is that correct? A. Yes, sir.

"Q. Did you also plead guilty because you were coerced or because you expected a light sentence? A. I pleaded guilty because my lawyer said I would get a lighter sentence if I pleaded guilty."

He did receive a lighter sentence. (See note 1 supra.) It is clear the court took into account that the co-defendant Rousseau, some four or five years older than the accused, might be the more seriously culpable of the two.

Petitioner's counsel who had been appointed at the time of arraignment, and had been present at the time of the plea and at the time of the sentence, was next called. He testified that petitioner admitted he had participated in these offenses but that he hoped to be able to establish an alibi at the time of one of the holdups. Counsel searched for the witness. In the course of his efforts he consulted petitioner's mother, but without further success. Counsel talked to the complaining witnesses and went back to the jail to inform Bailey as to the status of the case. He denied making any statements to coerce or threaten petitioner. The judge asked:

"Did I understand you to say the defendant told you he participated in these offenses?

"The Witness: Yes, he gave me a detailed statement of just how he and the co-defendant had committed these various robberies. If he had not, I never would have pleaded him guilty. As his lawyer, I never would have pleaded him guilty. I would have withdrawn."

Counsel denied telling petitioner that he would get a lighter sentence if he entered a plea of guilty or that other charges might be brought forward if he did not so plead. Petitioner's former lawyer further testified:

"I defended this man with all diligence, as I do in every criminal case, whether I am appointed or retained, and I might add that I went to the Lorton Reformatory to see Mr. Bailey, I believe at Christmas before last, at which time he made no accusations that I had not effectively represented him at the time of his trial. I would like to put that in the record. He did not accuse me of ineffective assistance when I went down to talk with him."

We have gone extensively into this matter because of the repeated instances in which various proceedings have engaged the District Court and this court. We are left with the subsisting conviction that this petitioner has been accorded every right to which he is entitled and every protection which the law might properly extend to him. Not only was the time of his court appointed trial counsel expended in petitioner's behalf, but the series of actions engaged that of Government counsel, of the District Judge, of various members of this court and of counsel appointed by us. All concerned have patiently explored such contentions as come within the scope of a § 2255 proceeding. We think the District Judge correctly found that the petitioner had failed to establish that his plea had been coerced or that he had been ineffectively represented by counsel. We perceive no evidence whatever of injustice with respect to any ground upon which the judgments might be open to collateral attack.

This case comes within the principles applied in Smith v. United States, —— U.S.App.D.C. ——, 265 F.2d 99, and Mitchell v. United States, 1958, 104 U.S. App.D.C. ——, 259 F.2d 787, certiorari denied, 1958, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86. We are satisfied there is no error.

Affirmed.