Claude HARRIS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 26, 1970.

Claude Harris, pro se.

John B. Breckinridge, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

Appellant is serving a ten year sentence on a robbery charge on his plea of guilty with the assistance of counsel. This is an appeal from an order overruling without a hearing his motion to vacate judgment under RCr 11.42.

The trial court record shows the following. Appellant and his wife were jointly indicted on November 20, 1967, for armed assault with intent to rob committed on September 26, 1967. They appeared before the court without counsel on November 20, the court on its initiative entered a plea of not guilty for them, and upon the report by appellant that he expected to employ counsel for both, the court directed that he report on or before November 25, as to whether counsel had been employed, and set trial for November 30, 1967. On November 22, 1967, finding that appellant and his wife were unable to employ counsel, the court appointed counsel for them. On November 30, 1967, they appeared in court with their assigned attorney, and the Commonwealth announced ready for trial, but defendants announced not ready on account of the absence of material witnesses and moved for a continuance, and the case was continued to February, 1968. Subsequently an order was issued finding that appellant and his wife had escaped from Union County Jail on Saturday, December 16, 1967 a bench warrant was issued for each, and the warrants were executed by two

deputy sheriffs who transported the two from the jailer of Canadian County, Oklahoma, to the Union County Jail on February 1, 1968.

The cases came on for trial on February 21, 1968. Appellant and his wife both appeared before the court with their previously appointed attorney. On motion of the Commonwealth's Attorney, the indictment as to appellant's wife was dismissed. Thereupon appellant, by leave of court, withdrew his plea of not guilty and entered a plea of guilty to the indictment upon the advice of his attorney and by agreement with the Commonwealth's Attorney on whose motion the charge in the indictment was reduced. Upon the advice of appellant's attorney and by agreement with the Commonwealth's Attorney the case was submitted to the court without the intervention of a jury and appellant's punishment was fixed at confinement in the penitentiary for ten years. On the same date, appellant was brought before the court for sentencing, informed of the nature of the indictment and his plea thereto, and asked if he had any legal cause to show why judgment should not be pronounced against him in accordance therewith; none being shown, judgment was entered committing him to the Kentucky State Penitentiary.

The thrust of appellant's attack on his conviction is two-fold: (1) He did not have the assistance of counsel or advice as to his constitutional rights during some preliminary stages of the investigation and proceedings, and was beaten by officers at that time in an attempt to extract a confession from him; (2) His plea of guilty was invalid because his counsel never consulted sufficiently with him and only advised him to plead guilty, and never made attempts to confer with witnesses or otherwise to prepare for trial.

■ Aside from the fact that appellant admits no confession was ever extracted from him, the complaint about this and other preliminary matters is foreclosed from RCr 11.42 review by appellant's plea

of guilty. Cox v. Commonwealth, Ky., 411 S.W.2d 320 (1967), cert. denied 387 U.S. 946, 87 S.Ct. 2084, 18 L.Ed.2d 1336; Commonwealth v. Watkins, Ky., 398 S.W.2d 698 (1966), cert. denied sub nom. Watkins v. Kentucky, 384 U.S. 965, 86 S.Ct. 1596, 16 L.Ed.2d 677. It may be observed in this connection that on May 4, 1970, the United States Supreme Court held that a bare complaint that a defendant pleaded guilty because of a prior coerced confession is not, without more, sufficient to warrant a hearing on a petition for habeas corpus relief challenging the plea. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed. 2d 763 (1970).

■ The record refutes the allegation that counsel did not consult sufficiently with appellant or did nothing to prepare for trial. He first appeared with appellant before the court on the first occasion the case came on for trial on November 30, 1967. A continuance was obtained at that time and the plea of guilty was not entered until the second time the case came on for trial on February 21, 1968. Appellant's complaint that counsel did not advise him of his right to trial by jury is refuted by the order upon the entry of the guilty plea which shows on its face that on the advice of his attorney and by agreement with the Commonwealth Attorney, the case was submitted to the court without the intervention of a jury. When the record shows that counsel has been appointed sufficiently far in advance of the time for trial and a plea of guilty, is ultimately entered, a bare allegation that the attorney did not adequately prepare a defense is insufficient. Brooks v. Commonwealth, Ky., 447 S.W.2d 614 (1969). As the court there stated, "What preparation for what defense is not hinted." 447 S.W.2d at 617. The Brooks case is dispositive of this one. Other cases of somewhat similar import where allegations were insufficient in the face of the record are: King v. Commonwealth, Ky., 408 S.W.2d 622 (1966); Ray v. Commonwealth, Ky., 398 S.W.2d 504 (1966); Burton v. Commonwealth, Ky.,

394 S.W.2d 933 (1965). As appellant's motion shows on its face, he was faced with the proposition of going to trial on a charge for which he could receive the death penalty and for which there was an eyewitness against him. It is apparent in this case as in Ray and Burton that appellant pleaded guilty in order to obtain a lighter sentence than a jury might have imposed under the statute. As the Supreme Court held on May 4, 1970, the fact that a defendant's plea of guilty is partially motivated by his desire to escape greater punishment, even the death penalty, does not render the plea invalid. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). This court has previously held that to influence a guilty defendant to plead guilty to obtain a lighter sentence than a jury might impose is a proper alternative. Commonwealth v. Campbell, Ky., 415 S.W.2d 614 (1967). In short, the record fairly shows that the plea in this case was a bargain for a lighter sentence in a case in which there is strong evidence against appellant. There is no factual allegation in the motion which shows that the plea was motivated by any dereliction on the part of counsel or by any other improper consideration.

The judgment is affirmed.

All concur.