**Jimmy DAVIS and Randy Wilson, Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 8, 1971.

Richard C. Roberts, Waller, Threlkeld & Whitlow, Paducah, for appellants.

John B. Breckinridge, Atty. Gen., James B. Wooten, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

On March 13, 1970, Jimmy Davis and Randy Wilson were indicted on five counts of breaking and entering a storehouse with the intent to steal. KRS 433.190. Upon the advice of appointed counsel they entered pleas of not guilty at the arraignment; however, on the date of trial they pleaded guilty. On June 2, 1970, each was sentenced to terms of two and three years running concurrently.

Davis and Wilson moved on August 5, 1970, to vacate their sentences. RCr 11.42. The movants were present and represented by appointed counsel at an evidentiary hearing. The court denied the relief requested. Davis and Wilson appeal. We affirm.

Davis and Wilson argue that their pleas of guilty were not voluntary because they were "* * * threatened with five year consecutive sentences if they did not plead guilty, but offered three year sentences if they pleaded guilty; * * * threatened with the use of statements given by a minor, himself threatened, who turned out to be a liar or perjurer; and * * * were not told of the constitutional rights they were waiving * * *."

During the evidentiary hearing Davis testified that he pleaded guilty because "* * * when I was in jail, uh, (the juvenile judge) come down and spoke to me, in jail, and he told me that if I didn't sign a statement committing myself that whenever I come up for trial, if it was necessary, he would bring my brother-in-law and sister into court and have them testify against me." Wilson testified that prior to his trial he was told by the juvenile judge that he had statements from two individuals who were indicted for aiding and abetting the accused in their alleged crime and that the statements were enough to get him five years' imprisonment. He said "* * * I figured with the two statements they had against me might get me five years or more. I was offered three years and I figured it best to go ahead and take it." Davis and Wilson admitted that they had been charged before for breaking and entering and that they knew the meaning of their guilty pleas.

Also present at the hearing was the appellants' trial counsel. Upon inquiry by the court as to whether Davis' and Wilson's pleas were voluntary, he testified as follows:

"* * * As a matter of fact, the day the pleas of not guilty were withdrawn and the pleas of guilty were entered, one of the defendants (apparently Wilson) * * * undertook to explain here in Court how they gained entrance into the television warehouse * * *. They knew what the maximum and possible sentences under these indictments were because I explained it to them. And I have never told them or any other client to plead guilty. I have at the best recommended that perhaps the best course for them to follow would be to enter a plea of guilty based on the statement ·that Commonwealth's Attorney would recommend X-punishment for them but to ever coerce or force a defendant in the entire period of time that I have been practicing law, to enter a plea against his willingness or his voluntary emotion that I have never been guilty of that and don't ever intend to be."

This case is similar to Smith v. United States, 105 U.S.App.D.C. 115, 265 F.2d 99 (1959), an appeal from the district court's denial of a motion to vacate sentence under 28 U.S.C. § 2255 (1952), the federal counterpart to RCr 11.42. There, the appellant's principal allegation was a coerced guilty plea. During the hearing on the motion, appellant testified that his appointed counsel and a deputy marshal told him that the government had evidence against him and that if he was convicted he would receive a sentence of twenty-five years, but if he pleaded guilty he would receive a one to two-year sentence. The deputy marshal stated that he had never seen the accused. His former trial counsel admitted having told Smith that the government had much evidence against him but had done so in order to advise him of the possible consequences of a full trial.

■ From the record here we conclude, as did the court in *Smith,* "* * * the (trial) court found that appellant was effectively assisted by counsel and that his plea of guilty was not coerced, it is evident that the court accepted counsel's testimony." Further, "That testimony may be viewed to support the thesis that counsel merely brought his professional judgment and experience to bear, as he was bound to do, in advising appellant * * *." We need only add that plea-bargaining, in an effort to receive a lighter sentence than might be obtained by a full trial by jury in itself does not give rise to a claim of denial of constitutional rights. See Glass v. Commonwealth, Ky., (October 1, 1971), and Harris v. Commonwealth, Ky., 456 S.W.2d 690 (1970).

■ Davis contends that he suffered prejudice as a result of not having legal counsel during his preliminary hearing; however, he alleges no irregularities in that phase of the proceedings that warrant reversal. Carson v. Commonwealth, Ky., 382 S.W.2d 85 (1964), cert. denied, 380 U.S. 938, 85 S.Ct. 949, 13 L.Ed.2d 825 (1965). Appellant waived this claim when he entered his guilty plea. Commonwealth v. Watkins, Ky., 398 S.W.2d 698 (1966), cert. denied, 384 U.S. 965, 86 S.Ct. 1596, 16 L.Ed.2d 677 (1966).

The judgment is affirmed.

All concur.