**Leroy BUTLER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

Dixie R. Satterfield and John M. Milliken, Milliken & Milliken, Bowling Green, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

PER CURIAM.

Leroy Butler was indicted for the crime of armed robbery denounced by KRS 433.140. His court-appointed attorney bargained for a plea and, on recommendation of the Commonwealth Attorney, the charge was amended to robbery. Butler pleaded guilty and on January 31, 1969, was sentenced to serve 10 years in the penitentiary, the minimum sentence permitted for armed robbery.[1] A few months later Butler sought post-conviction relief under RCr 11.42, which was denied without a hearing. On September 1, 1970, a second application was made under that rule. He charged that the guilty plea was gained by threats and coercion and that he did not have effective assistance of counsel. After a full evidentiary hearing, the trial court ruled that these claims were without merit and denied the relief. Butler appeals. We affirm.

■ The testimony adduced at the RCr 11.42 hearing supports the decision reached by the court. The testimony does not establish that the assistance of Butler's counsel was inadequate. Com. v. Campbell, Ky., 415 S.W.2d 614 (1967). Butler was indicted under a statute which provides that the punishment shall be "confinement in the penitentiary for not less than ten years or for life, or by death." Plea bargaining does not cause a constitutional infirmity. Harris v. Com., Ky., 456 S.W.2d 690 (1970); Davis v. Com., Ky., 471 S.W. 2d 740 (decided October 8, 1971).

The record shows that there was evidence that Butler had placed a knife at the throat of a cabdriver and that he was later apprehended in another cab with the knife. Counsel testified that Butler sent him word from the jail that he wanted to plead guilty. A recommendation to plead guilty under the circumstances is not inadequate

---

1. The record does not indicate whether there was or was not compliance with RCr 8.08 requiring the court not to " * * * accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge."

representation. Messer v. Com., Ky., 454 S.W.2d 694 (1970); Harris v. Com., Ky., 456 S.W.2d 690 (1970).

 Furthermore, the complaints here asserted could have been raised in the first application for post-conviction relief. Butler was not entitled to another opportunity in these circumstances. RCr 11.42(3); Burton v. Tartar, Ky., 385 S.W.2d 168 (1964); Kinmon v. Com., Ky., 396 S.W.2d 331 (1965).

The judgment is affirmed.