19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leslie DUMERSIER, Defendant-Appellant.
 No. 92-4293.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1994.
 
 Before: KEITH and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Appellant entered guilty pleas to all counts of an indictment charging violations of the federal narcotics laws, including 21 U.S.C. Sec. 924(c), which prohibits the possession of a firearm in relation to drug trafficking. The district court sentenced the appellant to 138 months in prison. Claiming coercion and innocence, Appellant appeals the trial court's refusal to permit the withdrawal of his guilty plea to the firearm charge. Appellant also claims ineffective assistance of counsel and lack of meaningful access to the courts. We affirm.
 
 
 2
 * On July 1, 1992, the appellant, Leslie Dumersier, was arrested for various drug trafficking offenses. The appellant entered general pleas of not guilty to each count of the seven-count indictment charging conspiracy to distribute drugs, 21 U.S.C. Sec. 846, use of a firearm in that conspiracy, 21 U.S.C. Sec. 924(c), distribution of cocaine base, 21 U.S.C. Sec. 841(a)(1); 18 U.S.C. Sec. 2, and possession of cocaine base with intent to distribute, 21 U.S.C. Sec. 841(b)(1)(B)(iii).
 
 
 3
 On the day of the trial, Appellant changed his plea to guilty on all counts. The trial court entered a lengthy colloquy with Appellant to determine whether the plea was made knowingly, intelligently, and voluntarily. The court heard testimony from Agent Larry Ford as to the facts underlying each count of the indictment. As to Count Six, the firearm charge, Agent Ford testified that on June 26, 1992, Appellant sold cocaine base to an undercover detective and that during the sale, Appellant had in his possession a twelve-gauge Mossberg shotgun. Appellant admitted his guilt to the firearm charge, as well as every other charge. At no time during this exchange did Appellant suggest his innocence to the firearm charge or any other charge. Appellant indicated several times that no promises, threats, or suggestions of any kind induced the plea, and expressed satisfaction with his trial attorney, Mr. Yeazel. The court accepted Appellant's plea of guilty to each charge.
 
 
 4
 On October 29, 1992, Appellant moved to withdraw his guilty plea to the firearm charge and requested a hearing on the matter. At the hearing on November 18, 1992, Appellant repeatedly asserted his innocence to the firearm charge and also accused Mr. Yeazel of coercing him into the guilty plea. The trial court denied the motion to withdraw the plea.
 
 
 5
 On December 9, 1992, Appellant appeared for sentencing. The trial court sentenced Appellant to 138 months in prison (78 for the drug charges and 60 for the gun) and released Mr. Yeazel as attorney of record.
 
 
 6
 Finding no meritorious claims, Appellant's attorney on appeal filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).
 
 II
 
 7
 Appellant argues that the trial court improperly denied his motion to withdraw the guilty plea to the firearm charge. Appellant asserts two justifications for withdrawal: coercion by his attorney and innocence.
 
 
 8
 For withdrawal to be proper, the defendant must present a fair and just reason why withdrawal should be allowed. Fed.R.Crim.P. 32(d); United States v. Goldberg, 862 F.2d 101, 103-04 (6th Cir.1988). We review for abuse of discretion the district court's decision to deny withdrawal. Goldberg, 862 F.2d at 103. Because neither of Appellant's reasons has merit, the trial court properly exercised its discretion to deny permission to withdraw the guilty plea.
 
 
 9
 * Appellant contests the voluntariness of his guilty plea due to his attorney's allegedly coercive efforts. In support, Appellant points to two statements of Mr. Yeazel. First, Mr. Yeazel advised Appellant that a guilty plea often results in a reduction in sentence for acceptance of responsibility. Second, Mr. Yeazel told Appellant he would get "hammered" if he went to trial.
 
 
 10
 The trial court did not abuse its discretion in determining that no coercion occurred. Counsel must bring to bear his or her professional experience and judgment in advising the defendant during the course of a prosecution. Smith v. United States, 265 F.2d 99, 100-01 (D.C.Cir.), cert. denied, 361 U.S. 843 (1959). The probability of conviction and the factors affecting sentencing are proper subjects of the attorney's advice. Id. A reduction in sentence for acceptance of responsibility normally follows a guilty plea. Appellant did in fact receive that reduction. Thus, trial counsel dutifully facilitated Appellant's informed choice by bringing the likely reduction to Appellant's attention.
 
 
 11
 Appellant has provided neither any evidence nor any reason why he would not have been "hammered" at trial, and there is nothing in the record to suggest counsel's estimate was erroneous or designed to mislead the defendant. Furthermore, at the time of the plea, the trial judge gave Appellant the opportunity to disclose any promises, threats, or suggestions which induced the plea. Appellant denied the existence of any such inducements.
 
 
 12
 Appellant's allegations of coercion, therefore, provide no basis for withdrawal. Trial counsel did not act improperly, and Appellant's pleas clearly represented "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970).
 
 B
 
 13
 Appellant asserts his innocence as justification for withdrawal of the plea. Indeed, a claim of innocence militates in favor of granting permission to withdraw a guilty plea. Goldberg, 862 F.2d at 103.
 
 
 14
 A review of the record, however, reveals that the instant claim of innocence is not credible. Appellant did not even suggest his innocence until the hearing on his motion to withdraw the guilty plea. The motion itself raised not actual innocence but a claim that the weakness of the government's evidence against him required the court to permit withdrawal. Appellant apparently believed, incorrectly, that without the firearm itself, the government lacked sufficient evidence to prove the firearm charge.
 
 
 15
 Appellant's declaration of guilt at the guilty plea hearing carries a presumption of truth. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Appellant's transparent claim of innocence at the withdrawal hearing is not sufficient to overcome that presumption. The trial judge acted within his discretion in denying the motion.
 
 III
 
 16
 Appellant claims ineffective assistance of counsel because his trial counsel coerced the guilty plea and because his appellate counsel filed an Anders brief.
 
 
 17
 This Court ordinarily refuses to hear ineffective assistance of counsel claims first raised on direct appeal. United States v. Martin, 920 F.2d 345, 349 (6th Cir.1990), cert. denied, 111 S.Ct. 2038 (1991) ( citing United States v. Swidan, 888 F.2d 1076, 1081 (6th Cir.1989)). In this case, however, the record is sufficient for us to decide this issue.
 
 
 18
 In order to prove ineffective assistance, the defendant must show deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance must have been reasonably effective to avoid a finding of deficiency. Id. To satisfy the prejudice prong, the defendant must show there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). This assessment depends largely on whether a trial would have changed the outcome for the defendant. Id.
 
 
 19
 Appellant's trial counsel had filed discovery requests, a notice of intent to use evidence, and a motion in limine. At the time of the change in plea, Mr. Yeazel had conducted voir dire and was prepared to proceed with the trial. As discussed, Mr. Yeazel's advice to Appellant regarding the plea was not shown to be improper. Furthermore, the result of the plea, Appellant's conviction, is reliable. Appellant has not asserted any plausible reason to believe that trial would have yielded a verdict of not guilty. Thus, Appellant had the benefit of effective assistance of counsel at the trial level.
 
 
 20
 The filing of an Anders brief does not by itself constitute ineffective assistance of counsel. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967). Because Appellant has had effective assistance of counsel throughout these proceedings, his claims fail.
 
 IV
 
 21
 Appellant's next assignment of error is that the trial court failed to determine a factual basis for the plea of guilty to the firearm charge.
 
 
 22
 There is no merit in this argument. The testimony of Agent Ford established the factual predicate for a violation of 18 U.S.C. Sec. 924(c). When specifically asked by the court during the guilty plea hearing, Appellant acknowledged his guilt in possessing a firearm during a drug transaction. The record therefore supports the acceptance of the guilty plea to the firearm charge.
 
 V
 
 23
 Lastly, Appellant claims denial of meaningful access to the courts due to the lack of effective counsel and lack of time in preparing his brief to this Court. Appellant has had effective counsel at all times and prepared a well-organized, well-written brief to this Court in his own defense. Meaningful access to the courts does not require freeing those who knowingly, intelligently and voluntarily plead guilty. Appellant's final assignment of error is denied.
 
 VI
 
 24
 For these reasons, we conclude that Appellant's guilty plea and subsequent conviction were sound. The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation