RENDERED: JUNE 4, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0977-MR

TERRY O'BANNON          APPELLANT

APPEAL FROM MUHLENBERG CIRCUIT COURT
v.        HONORABLE BRIAN WIGGINS, JUDGE
ACTION NO. 15-CR-00156

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; CALDWELL AND COMBS, JUDGES.

CALDWELL, JUDGE: Terry O'Bannon appeals the trial court's denial of relief after the court determined that he had filed a successive RCr[1] 11.42 motion. Finding no fault in the trial court's action, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

## FACTS

In 2016, the appellant, Terry O'Bannon (O'Bannon), was convicted of first-degree assault, tampering with physical evidence, and being a persistent felony offender in the first degree in the Muhlenberg Circuit Court. He appealed his conviction and twenty-year sentence to the Kentucky Supreme Court, which affirmed in No. 2016-SC-000133-MR, rendered on December 14, 2017.

On July 3, 2018, O'Bannon filed a *pro se* motion seeking relief pursuant to RCr 11.42 and alleging a single instance of ineffective assistance of trial counsel. In his motion, he alleged counsel was ineffective for failing to present to the jury evidence of an extreme emotional disturbance (EED) which might have mitigated his culpability and reduced his ultimate sentence. That motion was apparently misplaced and not filed by the Muhlenberg Circuit Clerk until September. Once located, the motion was denied, without a hearing, by order of the Muhlenberg Circuit Court on October 11, 2019. No appeal of that denial was taken by O'Bannon. Rather, on May 26, 2020, O'Bannon filed another proceeding, *pro se*, seeking to supplement the previously denied motion from which no appeal was taken. The trial court treated this pleading as a successive RCr 11.42 motion and denied it without a hearing. It is from this denial of relief that this appeal was taken. We affirm.

## STANDARD OF REVIEW

The trial court's determination here is a mixed question of law and fact. Factually, the trial court determined that the motion hereby appealed was successive. The trial court then applied the law to that determination, which led it to deny any review or relief, finding successive motions pursuant to RCr 11.42 are improper.

> The circuit court's findings regarding claims of ineffective assistance of counsel are mixed questions of law and fact and are reviewed *de novo. Brown v. Commonwealth*, 253 S.W.3d 490, 500 (Ky. 2008) (*citing Groseclose v. Bell*, 130 F.3d 1161, 1164 (6th Cir.1997)). The reviewing court may set aside the trial court's fact determinations if they are clearly erroneous. *Id.*

*Commonwealth v. Robertson*, 431 S.W.3d 430, 435 (Ky. App. 2013).

## ANALYSIS

Our review is constrained to the order denying the second RCr 11.42 motion filed by O'Bannon for which a notice of appeal was filed; we have no jurisdiction to review the allegations in the original RCr 11.42 motion as there was not a timely appeal taken of the Muhlenberg Circuit Court order denying relief. A "notice of appeal is the means by which an appellant invokes the appellate court's jurisdiction." *Nelson County Board of Education v. Forte*, 337 S.W.3d 617, 626 (Ky. 2011) (citing *City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky. 1990)).

-3-

Turning to the order of the Muhlenberg Circuit Court from which appeal was properly taken, we find no error in the trial court's determination that the allegations contained in the second motion clearly could have been contained in the earlier motion, making the second motion successive. In the first motion, O'Bannon alleged ineffective assistance concerning the failure of counsel to raise an EED defense at trial. In the second motion, while still insisting that counsel was deficient for not raising an EED defense, he included additional instances of alleged ineffective assistance of counsel—failure to call an expert witness as to his mental state, failure to question his competency to stand trial, and failure to seek a writ of prohibition concerning the trial court's denial of immunity from prosecution for acting in self-defense—all of which were known to him at the time of the first filing. Thus, the second motion was successive, and the trial court's determination of such is upheld.

> Successive motions are impermissible under RCr 11.42.
>
> An RCr 11.42 motion "shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding." RCr 11.42(3). This provision has been held to bar successive RCr 11.42 motions. *See Fraser v. Commonwealth*, 59 S.W.3d 448, 454 (Ky. 2001) (citing *Butler v. Commonwealth*, 473 S.W.2d 108, 109 (Ky. 1971)).

*Sanders v. Commonwealth*, 339 S.W.3d 427, 438 (Ky. 2011).

While O'Bannon's original motion may have been misplaced by the Muhlenberg Circuit Clerk's office, it was eventually recovered and filed with a date of July 3, 2019. The trial court engaged in an analysis of the allegation contained therein and issued an order denying relief, which was final and appealable, on October 11, 2019. O'Bannon questions whether the trial court gave due consideration to the motion, suggesting the order was entered too quickly after the motion was located by the Clerk; but, again, we cannot review the propriety of this order because we are without jurisdiction to do so.

O'Bannon then filed a document entitled "Motion to Supplement and Correct Petitioner's RCr 11.42 Motion," which was filed by the Muhlenberg Circuit Clerk on May 26, 2020. In essence, O'Bannon ignored the entry of the final and appealable order of the circuit court entered on October 11, 2019, which found that he had articulated "insufficient support for his claim that his attorney was ineffective" in his 2019 motion. He attempted to revisit his allegation of ineffective assistance of trial counsel by adding additional grounds and aggrandizing the claim concerning the failure to present the defense of extreme emotional disturbance at his trial. This attempt to circumvent the method by which review of criminal convictions is undertaken cannot be allowed. Review of criminal convictions must undergo prescribed procedures.

> "The rules related to direct appeals, RCr 11.42, and
> Kentucky Rule of Civil Procedure (CR) 60.02,

collectively create a structure that 'provides for wide-ranging opportunities for a defendant to challenge in all respects the legality and fairness of his conviction and sentence.'" *Hollon v. Commonwealth*, 334 S.W.3d 431, 437 (Ky. 2010) (quoting *Foley v. Commonwealth*, 306 S.W.3d 28, 31 (Ky. 2010)). This configuration "is not haphazard and overlapping, but is organized and complete." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). At each stage the defendant must raise "all issues then amenable to review, and generally issues that either were or could have been raised at one stage will not be entertained at any later stage." *Hollon*, 334 S.W.3d at 437.

The interrelationship between direct appeals, CR 60.02, and RCr 11.42 was carefully outlined in *Gross*, *supra*. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). The appeals/post-conviction process involves three basic steps.

The first step is a direct appeal "stating every ground of error which it is reasonable to expect that he or his counsel is aware of when the appeal is taken." *Gross*, 648 S.W.2d at 857.

The second step is for the defendant "to avail himself of RCr 11.42 . . . as to any ground of which he is aware, or should be aware, during the period when this remedy is available to him." *Id.* "Final disposition of that motion, or waiver of the opportunity to make it, shall conclude all issues that reasonably could have been presented in that proceeding." *Id.* Kentucky courts have repeatedly ruled that once a criminal defendant moves to vacate his sentence under RCr 11.42, he is not entitled to another bite at the apple. *Id.*

The third step—if appropriate—is filing a CR 60.02 motion raising "circumstances of an extraordinary nature justifying relief." *Id.* CR 60.02 is reserved "for relief that is not available by direct appeal and not available

-6-

under RCr 11.42." *Id.* at 856. A defendant may not raise under the guise of CR 60.02 "issues which could reasonably have been presented by direct appeal or RCr 11.42 proceedings." *McQueen*, 948 S.W.2d at 416.

*Owens v. Commonwealth*, 512 S.W.3d 1, 13-14 (Ky. App. 2017). O'Bannon has attempted to avail himself of a second bite of the RCr 11.42 apple, and such is simply not allowed.

In reviewing the order properly appealed and before us, we find no error in the trial court's determination that O'Bannon was not entitled to relief as the motion was successive and the additional grounds and issues raised in his second motion reasonably could have been presented in the prior motion.

## <u>CONCLUSION</u>

We hold that the Muhlenberg Circuit Court properly denied the motion filed by the Appellant in May of 2020 as an improper successive motion pursuant to RCr 11.42. We affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Terry O'Bannon, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Mark D. Barry
Assistant Attorney General
Frankfort, Kentucky