**Donald Ray BURTON, Sr., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 22, 1965.

Donald Ray Burton, Sr., pro se.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

HILL, Judge.

This appeal is from an order overruling, without a hearing, a motion to vacate judgment under RCr 11.42. The question, therefore, is did the motion contain sufficient grounds to entitle appellant to a hearing?

The motion assigns the following claimed errors:

"(1) The aforesaid trial and judgment is void because of the fact that the conviction was obtained through duress, in violation of the movant's constitutional rights, and contrary to the existing Code of Criminal Practice in force at the time of this sentence. Counsel insisted on a plea of guilty.

"(2) Movant was not advised of his constitutional rights either at the time of his arrest, incarceration in the local jail, or before proceeding with any of the steps required for his subsequent (sic) conviction and sentence; that he was held without bond. That he was denied effective assistance of counsel for his defense in that he was only given the total of 30 seconds or less to confer with court-appointed counsel,

"and (3) because 'he was' tried on evidence that was obtained through illegal search and seizure."

Apparently from the motion, appellant relies on the insistence of his attorney that he plead guilty as constituting "duress." He was charged with five separate counts of storehouse breaking in two indictments, three in one and two in the other. The record shows that after counsel was appointed for and conferred with appellant, a plea of guilty was entered.

 The mere allegation his counsel "insisted" on his pleading guilty is insufficient. He does not allege any facts to indicate counsel acted in bad faith. His counsel may have given him good advice. He could have been given a total of twenty-five years on the five counts; whereas, he received a verdict totaling five years after his guilty plea. The allegation of "duress" by his attorney in insisting upon a plea of guilty is not sufficient to entitle appellant to an oral hearing. King v. Commonwealth, Ky., 387 S.W.2d 582 (1965).

 Under the second argument, it is sufficient to say there was no evidence introduced at the trial. He pleaded guilty, presumably voluntarily and with advice of counsel. Therefore, he is in no position to complain he was not "advised of his constitutional rights when arrested, when incarcerated, or before proceeding with * * steps required for his subsequent conviction."

 Included in his second argument is the contention appellant was only given a total of "30 seconds or less" to confer with his appointed counsel. He does not contend this brief time was insufficient, or that he asked for more time and was refused. His attorney could ask, "are you guilty," and get a yes or no answer in less than three seconds. We conclude this ground insufficient to entitle appellant to a hearing.

 The contention in ground three that he was tried on evidence obtained through illegal search and seizure is wholly without merit, as pointed out above, in view of his guilty plea and waiver of jury trial.

The judgment is affirmed.