**Dorris WAHL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 26, 1965.

Dorris Wahl, pro se.

Robert Matthews, Atty. Gen., Walter C. Herdman, Asst. Atty. Gen., for appellee.

MOREMEN, Chief Justice.

The appellant, Dorris Wahl, was convicted of grand larceny and sentenced to three

years in prison. He did not appeal his conviction directly but later moved to vacate the judgment under RCr 11.42. After a hearing the circuit court entered judgment denying the motion. Appellant seeks reversal of the circuit court's judgment.

The motion alleges the following grounds: (1) That appellant was arrested without a warrant; (2) that evidence introduced against him at the trial was obtained as a result of an illegal search and seizure; (3) that the preliminary hearing was delayed unnecessarily; and (4) that his trial counsel did not represent him adequately.

We have said that the moving party on a motion under RCr 11.42 undertakes a heavy burden to overcome the regularity of the conviction. The motion is not a substitute for appeal, and it does not permit a review of all the alleged errors surrounding the trial. It is applicable only in cases where the judgment is so manifestly wrong as to be void or is otherwise subject to collateral attack.

The appellant has not alleged sufficient grounds for relief under RCr 11.42. His first allegation, that he was illegally arrested, and his second allegation, that illegally seized evidence was used to convict him, may not be raised in proceedings under RCr 11.42. The appellant challenged the legality of the search and seizure at the trial and is not in a position to raise the same question in an RCr 11.42 proceeding at this time. King v. Commonwealth, Ky., 387 S.W.2d 582. The Kentucky criminal procedure provides a remedy to correct such errors by direct appeal. See RCr 12.52. The appellant did not avail himself of this remedy because no direct appeal was taken.

The third alleged error, that the preliminary hearing was delayed unnecessarily, is not sufficient to cause the setting aside of the judgment. The record discloses that there was a period of fourteen days between the time of appellant's arrest and the time the preliminary hearing was set in police court. The hearing was continued for another eight days apparently because of difficulties encountered in getting the stolen property over the Indiana state line. We find no evidence in the record that this delay prejudiced the appellant in any way.

Appellant also contends that his court-appointed counsel did not represent him adequately. In order to vacate the judgment because of poor representation of counsel, we must find that the circumstances of the representation were such as to shock the conscience of the court and to render the proceedings a farce and a mockery of justice. Rice v. Davis, Ky., 366 S.W.2d 153; King v. Commonwealth, Ky., 387 S.W.2d 582. The record does not disclose such circumstances in the present case.

Judgment affirmed.