**Wesley SMITH, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 17, 1966.

Wesley Smith, pro se.

Robert Matthews, Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

This is an appeal from an order overruling a motion to vacate the judgment in an RCr 11.42 proceeding. The motion was drawn up by a "penitentiary lawyer" reciting numerous grounds, with most of which appellant was unfamiliar. The trial court appointed counsel for the appellant and a full hearing was had on the claim that appellant's constitutional rights were violated because of the negligence of his original court-appointed lawyer.

Like the other grounds of the motion, this one was shown to be without merit by the testimony of the appellant himself.

Appellant was charged with murder. He admitted killing his stepfather with two shots from a single-shot shotgun. He had only a few minutes of consultation with his appointed lawyer (admittedly a most able one) and thereafter pleaded guilty. His lawyer informed him of the possibility of the death sentence, but said he was willing to represent the appellant to the best of his ability if it took a week to try the case. He recommended that under the circumstances a plea of guilty was advisable. Appellant accepted this advice and was given a life sentence.

We agree with the trial court that appellant was adequately and competently represented by counsel. Under the circumstances of this case the time consumed in consultation is not a controlling considera-

tion. In Burton v. Commonwealth, Ky., 394 S.W.2d 933, we held that an opportunity to confer with appcinted counsel for less than thirty seconds was adequate where the defendant knew of the charge against him and admitted his guilt. We have much the same situation here. Appellant was advised of his rights and the possible consequences of a not-guilty plea. There was nothing inadequate or negligent about his representation. Having elected to avoid the risk of a death penalty, with most incriminating evidence against him, appellant has shown no meritorious ground which would invalidate the judgment of conviction or the life sentence.

The judgment is affirmed.