COMMONWEALTH of Kentucky, Appellant,

v.

John E. CAMPBELL, Appellee.

Court of Appeals of Kentucky.

May 26, 1967.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellant.

S. M. Ward, Hazard, for appellee.

CLAY, Commissioner.

The trial court sustained appellee's motion under RCr 11.42 to vacate a judgment sentencing him to 10 years in the penitentiary for carnally knowing a female under the age of 16. The ground of the motion was the ineffective assistance of counsel. The Commonwealth appeals.

In 1958 appellee, along with four other persons, was charged with the crime of which he was convicted. As did two other codefendants, he pleaded guilty. He now claims he was coerced by his lawyer into entering that plea.

On the day of the trial a reputable, competent attorney (now deceased) was appointed to represent him. This attorney conferred with the prosecuting witness (and perhaps others) and advised appellee that because of the strong case against him he should plead guilty in expectation of a lighter sentence. Upon following this advice appellee was given 10 years, the maximum on the charge being 20. In answer to the question, "What made you plead guilty?" appellee answered:

> "I don't know, the lawyer said I might take a chance on getting more time, or I could cop out for the lowest, or something like that, that's about the only reason I copped out."

After nine years in the penitentiary, appellee asserts the guilty plea was bad advice and that his counsel's insistence upon entering that plea constituted ineffective representation.

The Commonwealth first contends appellee was not entitled to a hearing because his motion did not state specifically in what respects he was not given effective assistance by counsel, citing Ringo v. Commonwealth, Ky., 391 S.W.2d 392; Burton v. Commonwealth, Ky., 394 S.W.2d 933; Humphries v. Commonwealth, Ky., 397 S.W.2d 163. Since a hearing was held, we will not pass on that question.

There is nothing in this record to indicate that the advice given appellee by his counsel was not proper and sound. The attorney had made diligent effort to discover the incriminating evidence that would be presented against appellee, and he was convinced appellee stood no chance of beating the charge. As so often happens, a plea of guilty resulted in a lighter sentence than might have been imposed. To influence a defendant to accept this alternative is proper. See Ray v. Commonwealth, Ky., 398 S.W.2d 504; Smith v. Commonwealth, Ky., 404 S.W.2d 285. When an attorney, after making an adequate investigation, in good faith and in the exercise of reasonable judgment induces his client to take this course, we cannot discern in what respect this constitutes ineffective representation. Certainly there was nothing about this manner of representation which would shock the conscience of the court or render the proceedings a farce and a mockery of justice. Wahl v. Commonwealth, Ky., 396 S.W.2d 774.

In its findings the trial court stated there was a "strong possibility" that appellee's counsel could not properly represent him because he had been employed by a codefendant. There is a suggestion of a conflict of interest in this case, but the record fails to disclose that it existed or that counsel's advice was influenced by anything but the best interests of appellee. Since the prosecuting witness claimed that a group of persons committed the act, the conviction of one or more would not shift the guilt from anyone who participated. Counsel's original client was not prosecuted because he was not identified as having participated. Consequently, we cannot find the possibility of a conflict of interest sustains appellee's claim that he did not have effective assistance of counsel.

The trial judge vacated this judgment because he had "serious doubt" whether appellee was properly and adequately represented. In our opinion this is not sufficient ground for vacating a judgment in an RCr 11.42 proceeding, particularly when effective representation by counsel is in question. There is a "heavy burden" on the movant in such a proceeding. Wahl v. Commonwealth, Ky., 396 S.W.2d 774. See also United States v. Edwards, D.C., 152 F.Supp. 179. He must do more than raise a doubt about the regularity of the proceedings under which he was convicted. He must establish convincingly that he has been deprived of some substantial right which would justify the extraordinary relief afforded by this postconviction proceeding. We cannot find that appellee in any respect sustained this burden.

The judgment is reversed.

All concur.