**Joe Neal HALL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 26, 1972.

Rehearing Denied Oct. 6, 1972.

**504**

R. L. Steers, Jr., Steers & Steers, Franklin, for appellant.

John B. Breckinridge, Atty. Gen., Laura Murrell, Asst. Atty. Gen., Frankfort, for appellee.

PER CURIAM.

This is an appeal from a judgment of the Simpson Circuit Court denying habeas corpus sought on the ground that the judgment of conviction was not a valid judgment. The form of the petition for habeas corpus was not against the custodian holding the petitioner, but against the Commonwealth as the style hereof establishes, but satisfies the requirements of RCr 11.42 as either a direct or collateral attack on the judgment of conviction.

On motion of both Hall and the Commonwealth an appeal of the judgment of conviction was dismissed on order by this court on December 11, 1970. The basis of this post-conviction action is the same reason advanced by Hall when he moved to dismiss his attempted appeal of his conviction, that is, that the judgment of conviction was invalid in the sense it was void.

The judgment of conviction was not invalid in the sense it was void; it was defective as to form for not compactly complying with the requirements of RCr 11.04 to the effect that, "A judgment of conviction shall set forth the plea, the verdict or findings, the adjudication and sentence, a statement as to whether the defendant is entitled to bail * * *." The judgment itself stated in part, "The indictment was read to the jury and the defendant having been requested to plead to the indictment, entered a plea of not guilty." And, after reciting that the jury had returned its verdict of guilty of voluntary manslaughter and having fixed punishment at five years in the penitentiary, the judgment concluded, "Wherefore, it is the judgment of the Court that the defendant, Joe Neal Hall, is guilty of the crime of voluntary manslaughter and he shall be confined * * * for a period of five years * * *." Adjudication was repeated and entered twenty-one days later, but suspended pending appeal of the conviction, Hall's counsel having filed a notice of appeal between the date of the judgment and the date of its repetition. We conclude that this composition of judicial book-keeping, however expressed, satisfies the requirements of RCr 11.04.

The notice of appeal of the conviction was filed more than ten days from the date written on the judgment and, of course, the Commonwealth moved dismissal of the appeal. Confusion ensued as to what was the effective date of the judgment—the date written on the judgment or the later date it allegedly was put on record. In any event, the appeal was dismissed by order of this court on December 11, 1970, both Hall and the Commonwealth having so moved, Hall being prompted to so move for dismissal of his appeal on the theory that the judgment was invalid in the sense it was void.

We think that the résumé of the judgment and orders of the court concerning the conviction suffices to show the judgment was not invalid in the sense of being void and, as a consequence, the present post-conviction attack on the judgment of

conviction must be denied. RCr 11.42 "is applicable only in cases where the judgment is so manifestly wrong as to be void or is otherwise subject to collateral attack."' Wahl v. Commonwealth, Ky., 396 S.W. 2d 774.

The judgment denying such relief is affirmed.

All concur.