James H. BERRY, Petitioner-Appellant,

v.

Henry E. COWAN, Warden, Respondent-Appellee.

No. 73-2246.

United States Court of Appeals,
Sixth Circuit.

Argued April 4, 1974.

Decided June 12, 1974.

Stuart L. Lyon, Louisville, Ky., on brief, for petitioner-appellant.

Guy C. Shearer, Asst. Atty. Gen., for respondent-appellee; Ed W. Hancock, Atty. Gen., Frankfort, Ky., on brief.

Before CELEBREZZE, McCREE and ENGEL, Circuit Judges.

PER CURIAM.

Petitioner James H. Berry was sentenced to 20 years in prison and fined $20,000 upon his conviction by a jury in the Circuit Court for Jefferson County, Kentucky, on a charge of sale of heroin. Berry appeals the denial of his petition for writ of habeas corpus which alleged that he was deprived of his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution.

Upon his conviction, a direct appeal was taken to the Court of Appeals of Kentucky by counsel appointed for that purpose. One of the issues raised on the appeal was whether a claimed last minute substitution of trial counsel for defendant Berry deprived him of his constitutional right to the effective assistance of counsel. The Court of Appeals of Kentucky thereupon remanded the case to the Jefferson Circuit Court for the purpose of making a finding of the facts concerning Berry's representation.

An examination of the files and records shows the basis for the uncertainty which produced the remand. Berry was originally charged with sale of heroin in an indictment returned on April 30, 1971 and thereafter, apparently in May, he retained private counsel to represent him. That counsel, Mr. Hubert Hevey, did very little in the way of preparation of Berry's defense and was, in fact, ill and died in the fall of 1971. On January 17, 1972 Berry was brought before Jefferson County Circuit Judge John P. Hayes and because the death of retained counsel left Berry without representation, Judge Hayes appointed Mr. Gary Lorenz of the law firm of Eubanks, Gardner and Schaefer to represent him. Jury trial was set for February 8, 1972. Upon that date, Lorenz did not appear, but instead a member of the latter's firm, Mr. John E. Taylor, ap-

peared and defended the case on behalf of Berry.

The Court of Appeals of Kentucky, in remanding the case for hearing, noted these apparent inconsistencies and made the following analysis:

"The answer to the question of alleged inadequacy of counsel depends, we think, on whether Lorenz was an *appointed* counsel for whom Taylor was a last-second, unprepared substitute, or whether the firm of Eubanks, Gardner & Schaefer was *employed* by appellant and Taylor, as an associate of that firm, was designated by that firm, a reasonable time before trial, to handle the case, and was prepared to try it. This requires a finding of fact by the trial court.

"The case is remanded to the trial court for the purpose of making a finding of fact on the issue hereinabove stated, and certifying that finding to this court. . . ."

In compliance with the directions of the Court of Appeals, Circuit Judge Hayes thereafter held an evidentiary hearing. His findings of fact set forth in detail the circumstances of Berry's representation, at least from the time he was brought before Judge Hayes on January 17, 1972. In brief, Judge Hayes found as a matter of fact that he had appointed attorney Lorenz to represent Berry on February 8. He further found that Mr. Lorenz had conferred with Berry at the Kentucky State Reformatory prior to trial, and he found that Berry had told Lorenz that he would arrange to have witnesses present and that it would not be necessary for Lorenz to subpoena them. Judge Hayes found that when a conflict in schedule developed, Mr. Lorenz conferred with Mr. Taylor, a member of his law firm, prepared him on all the facts and supplied him with the notes which he had taken. Judge Hayes determined that Taylor, was, therefore, "as well prepared to try the case as Mr. Lorenz would have been." He further found that Mr. Taylor actually represented Berry at the trial on February 8, that Taylor had reviewed the file one or two weeks prior to trial, had talked to Lorenz prior to the trial, and had otherwise familiarized himself with the case. Mr. Taylor interviewed all of the witnesses present, and when plea bargaining failed, proceeded to defend Berry before the jury. Judge Hayes made the following further observations:

"Although Mr. Taylor tried the case instead of Mr. Lorenz, he was not a last second, unprepared substitute. On the contary Mr. Taylor was an associate member of Mr. Lorenz's law firm, designated to handle the case a reasonable time before the trial date, and was prepared to try the case on the date of trial.

"Finally and most important from the entire record, it is evident that appellant had a fair trial and was adequately represented by competent counsel, and I find nothing in the proceedings to dictate a contrary conclusion."

In his appeal, Berry, in effect, asks us to disregard the factual findings of the state trial judge and, upon the same record, accept his own version of the facts. It is manifest from an examination of the record that the evidentiary hearing held by Judge Hayes met all of the requisites of 28 U.S.C. § 2254(d) and that his findings, as certified to the Court of Appeals of Kentucky, are fairly supported by the record as a whole. Under such circumstances, we conceive that the federal courts must accept the relevant historical facts as reliably found by the state court, at least until the petitioner has succeeded in establishing by convincing evidence that those determinations are erroneous. See LaVallee v. Delle Rose, 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973), where the district court's refusal to apply this measure of respect for state court determinations brought about reversal. Thus, when it appeared that a full and fair hearing on the issue had been held in the state trial court, the district judge could properly rely on the record made and was not required to hold a de novo evidentiary hearing.

Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The Court of Appeals of Kentucky affirmed Berry's conviction after considering the facts as found on remand by Judge Hayes, stating:

"This court is committed to the proposition that in order to vacate a judgment of conviction in a criminal case on the ground of inadequate representation by counsel, the court must find that the circumstances of the representation were such as to shock the conscience of the court and to render the proceedings a farce and a mockery of justice. Wahl v. Commonwealth, Ky., 396 S.W.2d 774; Rice v. Davis, Ky., 366 S.W.2d 153. We do not so evaluate the circumstances of the representation in the instant case.

"It appears that the only defense available to Berry was an alibi. That defense was adequately presented and the trial was fairly conducted. While it was improper for Lorenz, the court appointed-counsel, to delegate the handling of the case to Taylor, and while such delegation should not have been permitted by the court, the delegation did not result in inadequacy of representation under the standard above stated." Berry v. Commonwealth, 490 S.W.2d 741, 744 (Ky.1973).

We note that the Court of Appeals of Kentucky, in holding that "The court must find that the circumstances of the representation were such as to shock the conscience of the court and to render the proceedings a farce and mockery of justice", applied standards which this circuit has recently expressly rejected as measures of the effectiveness of counsel under the Sixth Amendment. In Beasley v. United States, 491 F.2d 687 (decided and filed February 1, 1974), we held that the farce and mockery test should be abandoned as any meaningful standard in this circuit, and that "The assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance".

 While the Court of Appeals of Kentucky employed the now rejected standard, we do not for that reason believe that reversal or remand is called for under the circumstances here. The facts as found by the state court demonstrate that the proper constitutional standard was met. Further, we note that while applying the now abandoned test, the Court of Appeals of Kentucky affirmatively found that the only defense of alibi was adequately presented and that the trial was fairly conducted. Since we conclude that the conduct of counsel met the proper constitutional test, it is immaterial in our judgment that that conduct may also have met the test which is now abandoned.

 Petitioner in his appeal also challenges the validity of his sentence in light of Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971). Berry has failed to exhaust his state remedies on this issue and we therefore decline to consider it here.

Affirmed.