RENDERED:  MAY 26, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0477-MR

BYRON JOHNSON							APPELLANT


APPEAL FROM HARDIN CIRCUIT COURT
v.			HONORABLE JOHN DAVID SIMCOE, JUDGE
ACTION NO. 20-CR-00328


COMMONWEALTH OF KENTUCKY						APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, KAREM, AND TAYLOR, JUDGES.

KAREM, JUDGE:  Byron Christopher Johnson entered a plea of guilty in Hardin Circuit Court to two counts of sexual abuse in the first degree and was sentenced to serve five years.  He argues that the trial court abused its discretion in denying his motion to withdraw the guilty plea without conducting an evidentiary hearing.  Although the trial court did not hold a formal evidentiary hearing, it thoroughly

reviewed the relevant factual circumstances of the plea and heard sworn testimony from Johnson. These proceedings were sufficient to enable the trial court to determine that Johnson's plea was entered voluntarily. Consequently, we affirm.

## Factual and Procedural Background

On March 26, 2020, Johnson was indicted on one count of sexual abuse in the first degree with a victim under twelve years of age, a class C felony, and one count of sexual abuse in the first degree with a victim under sixteen years of age, a class D felony. He initially retained private counsel. Later, at his request, the trial court appointed a public defender to represent him. His trial was set for November 8, 2021.

At a pretrial conference on November 2, 2021, the prosecutor outlined the terms of a plea deal the Commonwealth had offered to Johnson, consisting of a five-year sentence for one charge and a one-year sentence for the other, to be run consecutively for a total of six years. She also informed the trial court that the Commonwealth intended to bring an additional charge against Johnson of being a second-degree persistent felony offender (PFO II), which, if he chose to go to trial, would have the effect of increasing the potential sentence on each charge to a range of ten to twenty years. She also explained that the Commonwealth had obtained new evidence, in the form of incriminating text messages Johnson had sent to one of the victims, which it was planning to introduce if he proceeded to

trial. She told the trial court that there had been "numerous conversations" and weekly plea negotiations, and that Johnson was aware of this evidence.

Johnson's attorney stated that Johnson understood that the offer of six years would be revoked if he did not accept it that day. She also stated that she wanted Johnson to understand that if he went to trial, he could be found not guilty, or he could face a sentence of twenty years due to the PFO charge.

Johnson told the court he understood his choices and the evidence against him. The trial court outlined the terms of the offer again and reminded him that there was a confession in the form of his texts to one of the victims, in which he stated, "Did that make you uncomfortable" and "Lemme touch you summore." After conferring briefly with his attorney, Johnson told the court, "I think we made the decision that we were going to go to trial." His attorney stated, "*He* [Johnson] made the decision to go to trial." The judge told Johnson he wanted him to understand the evidence against him and sent him to talk with his attorney to further consider the offer or go to trial. He emphasized to Johnson that it was his decision to make.

Three days later, on November 5, 2021, Johnson appeared in court to enter a guilty plea. The terms of the plea agreement had been altered to result in a lower total sentence. The first count of sexual abuse was amended from a class C to a class D felony and the second count remained unchanged. Johnson was to

receive a sentence of three years on the first count and two years on the second count, to run consecutively for a total of five years.

The judge commenced a *Boykin*[1] colloquy, asking Johnson if he was thinking clearly; if he was under the influence of any drugs, alcohol, or medication; if he had any trouble reading or understanding the plea documents; if he had told his attorney everything he knew about the charges; if his attorney had discussed possible penalties, amendments, and dismissals; and if he understood his guilty plea. When he asked Johnson if he had been influenced or forced in any way to enter the guilty plea against his will, Johnson replied, "No sir." Johnson confirmed that he was satisfied with the services of his attorney, and that it was his decision to plead guilty. He indicated that he understood he was waiving his right to a trial by jury where the Commonwealth would have to prove his guilt beyond a reasonable doubt, his right to compel and confront witnesses, his right against self-incrimination, and his right to an appeal.

The trial court then read aloud the specific terms of the plea agreement which included the requirement that Johnson comply with Kentucky Revised Statutes (KRS) Chapter 17 "including sex offender treatment, registration and post-incarceration supervision." The trial court explained to Johnson that he would have to register as a sex offender for his lifetime because KRS

---

[1] *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

-4-

17.520(2)(a)4. requires lifetime registration for "[a]ny person who has been convicted of two (2) or more felony criminal offenses against a victim who is a minor[.]"

Upon hearing of this lifetime registration requirement, Johnson paused and began speaking with his attorney. His attorney conferred with the prosecutor and then explained to the trial court that the misunderstanding was her fault. Under a previous plea offer in which one of the counts was dismissed, the sex offender registration would have been required for a period of only twenty years. The judge explained to Johnson that lifetime registration was required under the terms of the current offer because it involved two separate charges against two victims who were both minors. Johnson stated that his original understanding of the offer was a plea of guilty to two class D felonies and a twenty-year registration period. The judge again explained the terms of the current agreement and told him he could speak with his attorney before continuing if he did not understand. Johnson's attorney told the court that the situation was "really frustrating" for Johnson because of the new evidence and the additional PFO indictment. The judge explained to Johnson that last-minute changes such as these were possible and that it was his right to decide what to do, advising him, "That's your call." He told Johnson it was fine if he needed more time to discuss the matter privately with his attorney, that the judge would be there that morning, and if he was not sure to

let the court know.  Johnson's attorney can be overheard on the recording of the proceedings telling Johnson that they could talk about it, but the offer was not going to change and that if he didn't want to do it, not to do it.  Johnson said he wanted to proceed with the plea.  The judge warned him that it was not easy to undo a guilty plea and urged him to make sure he did not have any unanswered questions.  Johnson proceeded to enter a plea of guilty in accordance with the terms of the offer.

Johnson thereafter sought to withdraw the plea.  At the sentencing hearing on February 1, 2022, he was represented by conflict counsel and the sentencing hearing was rescheduled.  Conflict counsel thereafter filed a motion to withdraw the plea, which stated in pertinent part as follows:

> Mr. Johnson alleges that his plea was not entered intelligently or knowingly.  More specifically, he misunderstood the sentence that was contemplated by his plea.
>
> Mr. Johnson alleges that his offer did not reflect what his attorney presented to him.
>
> The difference was presented to Mr. Johnson as he was entering his plea.

A sentencing hearing was held on February 15, 2022, with a different trial judge presiding.  Johnson's counsel requested the court to hear from Johnson, who wished to explain his understanding of the plea offer and why he wanted to withdraw the plea.  Under oath, on direct examination by his attorney, Johnson

explained that the first offer extended by the Commonwealth was made when he was represented by private counsel and was for a sentence of five years. This was followed by another offer of five years, made while he was represented by his public defender. He then testified that the Commonwealth discovered incriminating evidence "at the eleventh hour." His attorney told him she could not defend against the evidence, and it would be better to just take the deal. He testified that he did not feel like he had a choice, that he was going to get indicted as a PFO, that he should take the deal, or this is going to happen. He testified that he and his attorney "went back and forth" during the plea colloquy and that he was made aware of the change as he was entering the plea. The trial court asked him why he did not tell the judge. He responded it was because his attorney was in his ear telling him the deal was not going to get any better and that if she could defend against it, she would but she could not. He said he felt like he had no other option, testifying, "The court was against me" and, "My attorney had given up." He claimed he did not knowingly enter the plea and thought he had accepted a different offer.

The Commonwealth attorney declined to cross-examine Johnson. She told the court that the only time there was a question during the plea colloquy was regarding the sex offender registration requirement. She explained that one of the victim's families was initially uncooperative and the prosecutor was willing to

allow Johnson to plead guilty to one count and dismiss the other, which would have resulted in a twenty-year registration requirement. The Commonwealth then found additional cell phone evidence in the form of a text from Johnson to one of the victims apologizing for his behavior, so the Commonwealth fashioned another offer which also involved a five-year total sentence but two charges. The Commonwealth located the victim's family, and they were now willing to go to trial. She explained that this situation was reviewed with Johnson, and he knew what he was entering into.

The trial court entered an order on March 28, 2022, denying the motion to withdraw the plea. The trial court thoroughly reviewed the plea colloquy and acknowledged that Johnson initially held the mistaken belief that he would be required to register as a sex offender for twenty years, rather than for his lifetime, based on an earlier plea offer he had rejected. The trial court further found, however, that Johnson was thereafter correctly informed that lifetime registration was a collateral consequence of his plea, and that he was given an opportunity to consult with his attorney and allowed time to consider his options before deciding to go forward. The trial court concluded he entered his plea knowingly and voluntarily.

On April 1, 2022, Johnson filed a *pro se* motion requesting a full formal evidentiary hearing. At the sentencing hearing on April 5, 2022, the trial

court denied the motion. It entered a final judgment and sentence on April 22, 2022. This appeal followed.

## Standard of Review

A trial court may accept a guilty plea if it determines on the record that the plea was "voluntarily and intelligently made with sufficient awareness of the relevant circumstances and likely consequences." *Porter v. Commonwealth*, 394 S.W.3d 382, 385-86 (Ky. 2011) (internal quotation marks and citations omitted).

Under Kentucky Rules of Criminal Procedure (RCr) 8.10, a defendant may move the court to withdraw a plea of guilty. "[T]he discretion to deny a motion to withdraw a guilty plea exists only after a determination has been made that the plea was *voluntary*. If the plea was *involuntary*, the motion to withdraw it must be granted." *Rodriguez v. Commonwealth*, 87 S.W.3d 8, 10 (Ky. 2002). "[T]he voluntariness of a guilty plea can be determined only by considering all of the relevant circumstances surrounding it." *Id.* (internal quotation marks and citations omitted). To this end, "a defendant is entitled to a hearing on such a motion whenever it is alleged that the plea was entered involuntarily." *Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky. 2006). "[T]he trial court is in the best position to determine if there was any reluctance, misunderstanding, involuntariness, or incompetence to plead guilty at the time of the guilty plea[.]"

*Bronk v. Commonwealth*, 58 S.W.3d 482, 487 (Ky. 2001) (internal quotation marks and citations omitted).

"The trial court's determination on whether the plea was voluntarily entered is reviewed under the clearly erroneous standard." *Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004) (citations omitted). A decision which is supported by substantial evidence is not clearly erroneous. *Id.* If the trial court finds that the plea was involuntary, the motion to withdraw must be granted. *Id.*

On the other hand, if the trial court determines that the guilty plea was entered voluntarily, then it may grant or deny the motion to withdraw the plea at its discretion, and this decision is reviewed for an abuse of that discretion. *Id.* "A trial court abuses its discretion when it renders a decision which is arbitrary, unreasonable, unfair, or unsupported by legal principles." *Id.*

## Analysis

Johnson argues that the trial court abused its discretion by failing to conduct an adequate evidentiary hearing before denying his motion to withdraw his guilty plea. He characterizes the motion filed by his conflict counsel as "bare-bones," claims that he was given inadequate time to testify about his allegations, and complains that his counsel failed to request a full evidentiary hearing or to call further witnesses. He contends that, as a result, the trial court did not have

sufficient evidence to assess the voluntariness of his plea under the totality of the circumstances.

As support for his argument, Johnson relies on *Gambill v. Commonwealth*, No. 2012-CA-000122-MR, 2013 WL 5521648 (Ky. App. Oct. 4, 2013), an unpublished Court of Appeals opinion which is not binding authority. Gambill entered a plea of guilty following a *Boykin* colloquy. At sentencing, he sought to withdraw the plea. His attorney told the trial court that Gambill felt coerced into signing the plea agreement without adequate time to reflect, he was not provided relevant discovery in a timely manner, and he lacked a meaningful opportunity to review the discovery or the plea agreement. Gambill did not testify or speak on his own behalf at the hearing. The trial court denied his motion to withdraw the plea. The Court held that Gambill's particularized allegations of coercion required the trial court to look beyond the plea colloquy to determine if the plea was voluntary and that counsel's statements on Gambill's behalf were not sufficient. The case was remanded for the circuit court to hold an evidentiary hearing.

Johnson argues that the specific allegations of coercion he made during his testimony were similar to Gambill's and obligated the court to hold a lengthier hearing to explore his claims and to call his trial counsel as a witness. He contends that his testimony alone was insufficient to satisfy the substantive, fact-

finding nature of the evidentiary hearing required under *Edmonds*, *Rodriguez*, and *Bronk*.

Johnson's allegations are twofold: first, he claims he was misinformed about the consequences of his plea in regard to sex offender registration, and second, that his attorney coerced him into accepting the plea.

The record shows that Johnson's mistaken belief that he would be required to register as a sex offender for twenty years, as opposed to his lifetime, was fully addressed, and corrected by the trial court at the plea colloquy. Johnson's attorney candidly admitted to the court that it was her fault that Johnson was mistaken and explained how the issue was overlooked as the terms of the plea agreement were amended several times. The judge carefully and thoroughly informed Johnson of the registration requirements, encouraged him to take time to consider the implications of this new information, and warned him that it was not easy to undo a guilty plea. There is absolutely no evidence that Johnson thereafter entered the plea under a misapprehension regarding the lifetime registration requirement. In *Commonwealth v. Rank*, 494 S.W.3d 476 (Ky. 2016), a criminal defendant alleged that he was induced to plead guilty as a result of his attorney's inaccurate advice about his parole eligibility. The record in the case revealed that any erroneous information about parole eligibility given to the defendant by his attorney was remedied by the trial court, which clearly and correctly informed him

that because he was pleading guilty to a violent crime, he would have to serve 85% of his sentence before becoming eligible for parole. The Kentucky Supreme Court concluded that an evidentiary hearing on this issue was not warranted because "[i]f the information given by the court at the plea hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." *Rank*, 494 S.W.3d at 487 (quoting *Edmonds*, 189 S.W.3d at 568). Johnson indicated that he understood the information provided by the trial court; indeed, it was this new information that caused him to stop and reconsider the entry of his plea. There is no evidence he did not understand he would be required to register for his lifetime when he entered the plea.

Johnson's second allegation that his plea was coerced is based on his testimony that his attorney told him she could not defend against the new evidence the prosecutor had found and it would be better for him to take the plea deal. She also told him that unless he accepted the deal, he was going to get indicted on the PFO charge. Johnson does not claim that any of these statements were untruthful. Johnson was facing a possible sentence of 20 years with the PFO enhancement, and the Commonwealth had highly incriminating evidence against him. It was not coercion by his attorney, nor was it a sign that she had "given up" to inform her

client of the potentially dire consequences of going to trial and of her inability to defend against the evidence contained in the text messages. "As so often happens, a plea of guilty resulted in a lighter sentence than might have been imposed. To influence a defendant to accept this alternative is proper." *Commonwealth v. Campbell*, 415 S.W.2d 614, 616 (Ky. 1967).

The evidentiary hearing conducted by the trial court was sufficient to meet the standard in *Edmonds*. Johnson testified fully about his claims that his plea was based on misinformation and coercion. His misinformation claims were disproven by the record, which showed that the trial court carefully explained the registration requirements to Johnson who acknowledged them to the extent that he contemplated not entering the plea in consequence. Although his attorney did not testify at the hearing, Johnson's allegations did not necessitate her testimony because the coercion consisted of his attorney's informing him of the potentially deleterious consequences of proceeding to trial and her own honest admission that she could not defend against the charges. The trial court reviewed the entirety of the plea colloquy proceedings and properly considered the totality of the circumstances in concluding that the plea was voluntarily entered. This finding is supported by substantial evidence and will not be overturned on appeal.

## Conclusion

An evidentiary hearing is required in order to enable the trial court to consider all the relevant circumstances surrounding a guilty plea before deciding whether it was voluntary. *Rodriguez*, 87 S.W.3d at 10. The trial court fulfilled this requirement. The trial court's determination that Johnson's plea was voluntary is supported by substantial evidence and it did not abuse its discretion in denying his motion to withdraw the plea. Its final judgment is affirmed.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Sarah D. Dailey
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew F. Kuhn
Solicitor General

Rachel A. Wright
Assistant Solicitor General
Frankfort, Kentucky