RENDERED: APRIL 19, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0510-MR

ROY R. DRAIN                                                        APPELLANT

v.          APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE LARRY ASHLOCK, JUDGE
ACTION NO. 17-CR-00644

COMMONWEALTH OF KENTUCKY                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, GOODWINE, AND TAYLOR, JUDGES.

COMBS, JUDGE: Appellant, Roy Drain (Drain), *pro se*, appeals from the denial

of his CR[1] 60.02 motion. After our review, we affirm.

On August 10, 2017, a Hardin County Grand Jury indicted Drain and

charged him with two counts of incest, one count of third-degree rape, and one

---

[1] Kentucky Rules of Civil Procedure.

count of unlawful transaction with a minor. By supplemental indictment, the Grand Jury charged Drain with one count of first-degree sodomy.

On January 22, 2019, Drain filed a motion to enter a plea of guilty to first-degree sodomy, and the remaining counts were dismissed. In accordance with the Commonwealth's recommendation, the trial court sentenced Drain to 15 years to serve.

On February 10, 2021, Drain filed a motion pursuant to RCr[2] 11.42 on various grounds, which the trial court denied by Order entered on March 8, 2021.[3] Drain did not appeal that decision.

On December 22, 2022, Drain filed a motion for an evidentiary hearing; by separate motion and supporting memorandum, he requested relief pursuant to CR 60.02. Drain challenged the indictment, jurisdiction, the validity of the search warrant, chain of custody, the evidence, and the actions of his lawyer. Drain also filed a motion to amend his CR 60.02 motion.

---

[2] Kentucky Rules of Criminal Procedure.

[3] In that March 8, 2021, Order denying Drain's RCr 11.42 motion, the trial court explained that depending upon the specifics at trial about age, Drain was facing a total of 70 years if convicted on all charges. Drain's attorney negotiated a sentence of 15 years on the count of first-degree sodomy with a dismissal of all other counts. The trial court found that regardless of any alleged failure by defense counsel, Drain cannot show prejudice, noting that: "[t]he indisputable evidence confirms Drain's guilt for First-Degree Sodomy. He did not even receive the maximum sentence for that one crime."`

By Order entered on February 6, 2023, the trial court denied Drain's motion, concluding that Drain's allegations were unsupported by the record and that they fell "far short" of indicating that the result of the case was a miscarriage of justice. Drain then appealed.

We note our standard of review as follows:

> We review the denial of a CR 60.02 motion for an abuse of discretion. The test for abuse of discretion is whether the trial court's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. Absent a flagrant miscarriage of justice, we will affirm the trial court.

*Diaz v. Commonwealth*, 479 S.W.3d 90, 92 (Ky. App. 2015) (internal quotation marks and citations omitted).

Drain's brief is difficult to follow. We agree with the Commonwealth that his claim regarding the search warrant is without merit. *Burton v. Commonwealth*, 394 S.W.2d 933, 934 (Ky. 1965) (allegation of illegal search and seizure wholly without merit in view of defendant's guilty plea and waiver of jury trial). We also agree that any claim regarding the voluntariness of Drain's guilty plea could (and should) have been adjudicated on direct appeal or on the prior RCr 11.42 motion. As our Supreme Court explained in *Sanders v. Commonwealth*, 339 S.W.3d 427 (Ky. 2011):

> "The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and

-3-

complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). The rule is not intended as merely an additional opportunity to raise claims which could and should have been raised in prior proceedings, but, rather, "is for relief that is not available by direct appeal and not available under RCr 11.42." *Id.* "In order to be eligible for CR 60.02 relief, the movant must demonstrate why he is entitled to this *special, extraordinary* relief." *Barnett v. Commonwealth*, 979 S.W.2d 98, 101 (Ky.1998) (emphasis added).

*Id.* at 437 (italics original).

We conclude that the trial court did not abuse its discretion in denying Drains's CR 60.02 motion. Accordingly, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

Roy Roger Drain, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky